**UNITED STATES of America,
Appellee,**

v.

**Vaughn ROSARIO, also known as
Vaughn Michaels, Defendant–
Appellant.**

**Nos. 00–1101, 00–1102.**

United States Court of Appeals,
Second Circuit.

March 7, 2001.

Joshua L. Dratel, N.Y., NY, for appellant.

Dwight Holton, Ass't U.S. Att'y, EDNY, N.Y., NY, for appellee.

Present KEARSE, McLAUGHLIN, and STRAUB, Circuit Judges.

### *SUMMARY ORDER* ·

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Vaughn Rosario appeals from a judgment entered in the United States District Court for the Eastern District of New York following a jury trial before I. Leo Glasser, *Judge,* convicting him of conspiracies to possess and transport stolen vehicles and to operate a "chop shop," in violation of 18 U.S.C. § 371; transportation of stolen vehicles, in violation of 18 U.S.C. § 2312; operation of a "chop shop," in violation of 18 U.S.C. § 2322(a)(1); conspiracy to alter vehicle identification numbers ("VINs"), in violation of 18 U.S.C. § 511(a)(1); possession of motor vehicles with altered VINs, in violation of 18 U.S.C. § 2321; and possession of forged motor vehicle titles, in violation of 18 U.S.C. § 513(a). Rosario was sentenced principally to 70 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, he contends principally that the district court erred in admitting other-act evidence against him and failing to give an appropriate limiting instruction; refusing to instruct the jury that it must determine the voluntariness of an admission he made following his arrest; failing to give a "multiple conspiracies" charge; and calculating his sentence under the Sentencing Guidelines ("Guidelines"). Finding no basis for reversal, we affirm.

■ Rosario contends that under Fed. R.Evid. 404(b) the district court should have excluded from evidence the testimony of one of his coconspirators to the effect that Rosario had taught him to alter VINs and that he had seen Rosario alter VINs and provide counterfeit automobile titles during a period that, in part, preceded the period covered by the indictment. We disagree. Rule 404(b) forbids introduction of other-act evidence to show a defendant's

criminal propensity, but not for any other purpose. *United States v. Muniz*, 60 F.3d 65, 69 (2d Cir.1995). Here the evidence was properly introduced to show Rosario's knowledge and intent. Although Rosario's defense was lack of involvement, the government was required to prove all of the elements of each offense with which he was charged, and Rosario did not concede that if involved, he participated knowingly and intentionally.

■ Further, to the extent that Rosario contends that the district court failed to give an appropriate limiting instruction, we note that he did not object to the instruction given by the court, and hence his present challenge is reviewable only for plain error, *i.e.*, an error that prejudicially affected his "substantial rights" and "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings," *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted); *see also* Fed.R.Crim.P. 52(b). We see no such error here. Prior to the coconspirator's testimony, in accordance with Rosario's request, the district court had instructed the jury that the witness's testimony as to "Rosario's past involvement with changing VIN numbers and other activity relating to automobiles" was

> being received not for the purpose of showing that Mr. Rosario has a propensity to engage in that kind of conduct. This evidence is being received for the limited purpose of establishing Mr. Rosario's knowledge and intent concerning the crimes with which he's charged.

(Trial Transcript ("Tr.") 307.) Thereafter, the court reiterated that this evidence "was received only for the limited purpose of establishing his knowledge, his intent[,] . . . . not for the purpose of attempting to prove his bad character or to show that he has a propensity to commit a crime." (Tr.

1010–11.) We see no error in the court's instructions, much less plain error.

■ We are also unpersuaded that the trial court erred in refusing to instruct the jury under 18 U.S.C. § 3501(a) that, before the jury could take into consideration a postarrest statement that was made by Rosario prior to receiving *Miranda* warnings, it must make a finding that that statement was voluntary. Such an instruction is not required where the district court has determined that the statement was not made in response to interrogation. *See, e.g., United States v. Stevens*, 83 F.3d 60, 67 (2d Cir.1996) (" § 3501 applies only to confessions made *during interrogation* following arrest or detention" (emphasis added)). Here, the court had found, following a suppression hearing, that Rosario's statements were not made in response to an inquiry designed to elicit an incriminating response, and hence the statements were not made during interrogation. We see no clear error in that finding. Accordingly, the requested instruction was not required.

Nor are we persuaded that the court erred in refusing to give the jury a multiple conspiracy instruction with respect to the transportation and possession of stolen cars. Only one conspiracy was alleged and proven with respect to that aspect of defendants' operations. Hence, a multiple conspiracy instruction was not required. *See, e.g., United States v. Vazquez*, 113 F.3d 383, 386 (2d Cir.1997); *United States v. Taylor*, 92 F.3d 1313, 1332 & n. 9 (2d Cir.1996).

■ Finally, we see no merit in Rosario's contentions that the district court erred in calculating his sentence by increasing his offense level four steps on the basis that he was in the business of buying and selling stolen property, *see* Guidelines § 2B1.1(b)(4)(B), and three steps on the

basis that he "was a manager or supervisor ... and [that] the criminal activity involved five or more participants or was otherwise extensive," Guidelines § 3B1.1(b). Rosario conceded in a presentencing letter to the court that "it is not disputed that there were more than five persons involved in the [pertinent] auto theft conspiracy" (Letter from Marion Seltzer to Judge Glasser, dated January 4, 2000, at 2). And there was evidence in the record detailing several dozen cars stolen and transported by these defendants, along with evidence that Rosario himself dealt with about two such cars a week for the better part of a year. Further, as the district court noted, there was evidence at trial that Rosario "acted as a teacher," "directed other members ... in placing orders for cars," and "handled financial arrangements on behalf of the conspiracy." (Sentencing Transcript, January 27, 2000 ("S.Tr."), at 20). The district court found that

> Mr. Rosario in every sense of the word as I would understand it was a leader of this car theft ring, a leader, a key figure in the successful functioning of this car theft ring. Without him it wouldn't have worked. Without him there wouldn't have been all of these phony VIN numbers, and without him there wouldn't have been these counterfeit New Jersey registration papers. He made it work.

(S.Tr.26–27.) Giving "due deference to the district court's application of the guidelines to the facts," 18 U.S.C. § 3742(e), we see no error in the findings that Rosario was in the business of buying and selling stolen cars within the meaning of § 2B1.1(b)(4)(B), and was a manager or supervisor of that business within the meaning of § 2B1.1(b)(4)(B).

We note that the present appeal was heard with the appeals of two of Rosario's codefendants and that Rosario joined in their arguments to the extent that they would benefit him. We have rejected all of those arguments in a separate order filed today in *United States v. Fuller*, —— Fed.Appx. ——, 2001 WL 224072, Nos. 00–1101(L), –1103.

We have considered all of Rosario's contentions on this appeal and have found them to be without merit. The judgment of conviction is affirmed.